UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CR-04-109-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| CHARLES D. CAZIER, ) | |
| ) | |
| Defendant. ) | |

Pending before the Court in the above entitled matter are Defendant Charles Drake Cazier's motion to dismiss count six, motion to sever count six, and motion for bill of particulars. The parties have filed their responsive briefing on the motion and the matter is now ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

**Factual and Procedural Background**

The original indictment was filed in this case on May 18, 2004. (Dkt. No. 1). Counts one through five counts allege making a false statement, 18 U.S.C. § 1014, and count six alleges mail fraud, 18 U.S.C. § 1341. The trial date was continued several times upon motions by the

MEMORANDUM ORDER - 1

Defendants. The trial date is currently set for April 23, 2007. On April 10, 2007, the Government recently filed a superseding indictment (Dkt. No. 97) which changed the language of the charge in count six. In response, Mr. Cazier filed the instant motions now before the Court.

**Discussion**

I.  Motion to Dismiss Count Six:

Mr. Cazier argues count six of the superseding indictment should be dismissed because it is outside the applicable five year statute of limitations which, he argues, is not tolled in this case because the language in the superseding indictment substantially broadens the charge. The Government objects arguing that the language of the superseding indictment does not change the charge but, instead, simply tracks the statutory language as to the means allegedly used for committing the crime of mail fraud and, therefore, the statute of limitations was tolled from the date of the filing of the original indictment.

"Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment. If a superseding indictment on the same charges is returned while a previous indictment is still pending, the tolling continues. An original indictment remains pending until it is dismissed or until double jeopardy or due process would forbid prosecution under it." United States v. Pacheco, 912 F.2d 297, 305 (9th Cir. 1990) (citations omitted). "Tolling does not continue, however, if the superseding indictment 'broadens or substantially amends the charges in the original indictment.'" United States v. Reliant Energy Sercives, Inc., 420 F.Supp.2d 1043, 1049 (N.D. Cal. 2006) (citing United States v. Sears, Roebuck & Co., 785 F.2d 777, 778 (9th Cir. 1986)).

In determining whether the statute of limitations is tolled, the controlling factor turns on notice to the defendant. Reliant Energy, 420 F.Supp.2d at 1049 ("Notice to the defendant is the central policy underlying the statute of limitations."). "If the allegations and charges are

MEMORANDUM ORDER - 2

substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense." Id. (citations omitted). In making this determination "it is necessary to examine the two indictments carefully." Id. (citing Sears, Roebuck & Co., 785 F.2d at 779).

The change to count six between the two indictments has to do with the language relating to the methods of mailing allegedly employed by the Defendants.[1] The original indictment states:

> C.   MAILING:
> On or about May 30, 2000, in the District of Idaho, CHARLES DRAKE CAZIER and CARMEN LEANN WRIGHT, the Defendants, aided and abetted by one another, having devised the above described scheme and artifice to obtain money or property by means of false pretenses, for the purpose of executing and in order to effect the scheme and artifice to obtain money, did knowingly cause to be sent, delivered and moved by the United States Postal Service a letter from North Idaho Title to Countrywide Home Loans, dated May 26, 2000 which had enclosed the Title Commitment prepared in connection with the above referenced loan.

The Superseding Indictment states:

> C.   MAILING:
> On or about May 30, 2000, in the District of Idaho, CHARLES DRAKE CAZIER and CARMEN LEANN WRIGHT, the Defendants, aided and abetted by one another, having devised the above described scheme and artifice to obtain money or property by means of false pretenses, for the purpose of executing and in order to effect the scheme and artifice to obtain money, did <u>place in any post office or authorized depository for mail matter, any matter and thing whatever to be sent or delivered by any private or commercial interstate carrier, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or took or received therefrom, any such matter or thing, or knowingly caused to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, namely: a letter from North Idaho Title to Countrywide Home Loans, dated May 26, 2000 which had enclosed the Title Commitment prepared in connection with the above referenced loan.</u>

---

[1] The applicable statute of limitations for this offense is five years. See 18 U.S.C. § 3282(a).

MEMORANDUM ORDER - 3

(Dkt. No. 97) (changed language underlined).  Mr. Cazier argues this change in language broadens the charge because the means for sending the letter expands from one method, the United States Postal Service, to eight potential methods of delivery.  (Dkt. No. 103).  The Government maintains that the change in language did not expand the charge but merely was a technical change tracking the language of the statute.

The language in the superseding indictment is identical to that of the original indictment with the exception of the underlined language noted above.  (Dkt. Nos. 1, 97).  The factual basis making up the charges is the same in both indictments.  Count six in the original and superseding indictments both allege the same scheme and artifice, the mailing of the same letter of May 26, 2000, with the same enclosed Title Commitment, referring to the same parties, North Idaho Title and Countrywide Home Loans, and the same loan number 0866135.  This factual basis is sufficient to give the Defendants notice of the charges in the superseding indictment.  The fact that the indictment now uses the more general description of the mailing element does not broaden or substantially alter the charge in the superseding indictment.[2]  The elements for the crime of mail fraud are:

> First, the defendant made up a scheme or plan for obtaining money or property by making false promises or statements, with all of you agreeing on at least one particular false promise or statement that was made;

---

[2]   The crime of mail fraud is allege in violation of 18 U.S.C. § 1341, which states:

§ 1341 Frauds and swindles
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

MEMORANDUM ORDER  -  4

> Second, the defendant knew that the promises or statements were false;
>
> Third, the promises or statements were material, that is they would reasonably influence a person to part with money or property;
>
> Fourth, the defendant acted with the intent to defraud; and
>
> Fifth, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.
>
> A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

Ninth Cir. Crim. Model Jury Inst. § 8.101.  The charge of mail fraud does not turn on the method of delivery.  What is required to satisfy the delivery element is that the "mails" were used to carry out or attempt to carry out the scheme.  See United States v. Serang, 156 F.3d 910, 914 (9th Cir. 1998) ("Although the government must prove specific intent to defraud...it need not prove that the appellant specifically intended to use the mails.  Rather, if the government shows that a defendant knows or can reasonably foresee that use of the mails will follow in the ordinary course of business, "then he causes the mails to be used.") (citations omitted).  Because the superseding indictment did not broaden or substantially alter the charges against the Defendants, the Court finds the statute of limitation is tolled and the motion to dismiss should be denied.

II.      Motion to Sever Count Six or Continue:

The defense has also filed a motion to sever count six of the superseding indictment and to continue the trial for that count in light of the changes the defense will be required to make in its trial preparation.  The motion notes that the defense to count six was intended to point out the Government's lack of proof that the May 26, 2000 letter was ever moved through the United States Postal Service. In light of the new language in the superseding indictment this defense is no longer

MEMORANDUM ORDER - 5

available and more time is needed to investigate this charge an form a new defense. The Government asks that if there is any continuance granted that the entire trial be continued and that the charges not be severed. In reply, the Defendant argues the Government will not be prejudiced by severing and continuing the trial on count six.

Federal Rule of Criminal Procedure 8(a) allows for joinder of offenses where they are of "the same character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 14(a) provides relief from such joinder where "the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." District courts are afforded wide discretion in ruling on a severance. See United States v. Matus-Leva, 311 F.3d 1214, 1217 (9th Cir. 2002).

The Defendant's sole ground for a severance is based upon the need for additional time to prepare a defense to count six in light of language added to count six of the superseding indictment. (Dkt. No. 105). The Court finds that the charges are properly contained in a single indictment. The charges involve similar factual allegations; that the Defendants made false or fraudulent statements to financial institutions. The Court further finds that the interests of justice and judicial economy support conducting one trial as to all counts and all Defendants. Therefore, the motion to sever count six is denied.

As to the request to continue, although the Court concluded above that the superseding indictment did not broaden or substantially alter count six, the Court finds that a continuance of the trial in this matter is necessary in order to allow the Defendant time to prepare for trial in light of the new language in the superseding indictment. The change to the language in count six directly impacts the defense that was intended to be offered at trial. (Dkt. No. 105). Failure to allow the

MEMORANDUM ORDER - 6

defense additional time to prepare for trial would unfairly prejudice the Defendant in this case. 18 U.S.C. § 3161(h)(8)(B)(iv); see also United States v. Rojas-Contreras, 474 U.S. 231, 240-41 (1985) ("To avoid prejudicing a defendant, a continuance should be granted where there is a meaningful possibility that a superseding indictment will require an alteration or adjustment in the planned defense.") (Blackmun, J., concurring). Accordingly, the Court will continue the trial for all defendants and all counts to begin Tuesday, May 22, 2007.

III.     Motion for Bill of Particulars for Count Six:

The Defendant has also filed a motion for a bill of particulars for count six of the superseding indictment as to the manner in which the Government will allege that the mailing element of the charge was satisfied by the Defendants. The Government opposes the motion arguing that the requirements of Rule 7 have been met here and that the Defendants have been adequately advised of the charges through the indictment and all other disclosures in this case.

The Defendant previously requested a bill of particulars for count six that the Court denied. (Dkt. No. 52). This motion is made upon the same grounds; that there are two theories of prosecution for the charge of mail fraud: 1) a scheme to defraud and/or 2) obtaining money or property by false or fraudulent pretenses. The motion states that without a particular and clear statement of which theory the Government will pursue at trial, counsel is unable to prepare an effective defense. (Dkt. No. 107).

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the filing of a bill of particulars...as the court may permit." A Bill of Particulars should enable a defendant to prepare an adequate defense and to protect against a second prosecution for the same offense. United States v. Inryco, Inc., 642 F.2d 290, 295 (9th Cir. 1981) (citing Cook v. United States, 354 F.2d 529, 521 (9th Cir. 1965)). The purpose of a bill of particulars is to protect a defendant against a second prosecution for an inadequately described offense and enable him to prepare an adequate

MEMORANDUM ORDER - 7

defense. Duncan v. United States, 392 F.2d 539, 541 (9th Cir. 1968) (citing Remmer v. United States, 205 F.2d 277 (9th Cir. 1953)). It is designed to appraise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy. United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the Government. Id. at 1054 (9th Cir. 1983) (citing United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)). Full discovery will obviate the need for a bill of particulars. Id. (citing United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973)).

As the Court previously concluded, the superseding indictment coupled with the discovery provided in this case is sufficiently particular to allow Defendant to prepare an adequate defense. The superseding indictment incorporates the statutory language for the charged offenses and alleges facts upon which the Government believes the elements of the crimes charged are based. Though the defense could undoubtedly prepare an "effective" defense with a more particular statement, the information provided by the indictment and discovery in this case satisfy Rule 7. Accordingly, the motion is denied.

MEMORANDUM ORDER - 8

# ORDER

Based on the foregoing the Court, HEREBY ORDERS as follows:

1) Defendant's Motion to Dismiss Count Six (Dkt. No. 102) is **DENIED**.

2) Defendant's Motion to Sever Count Six and Continue (Dkt. No. 104) is **GRANTED IN PART AND DENIED IN PART**.  The motion is denied as to the request to sever count six but granted as to the request to continue the trial.  The April 23, 3007 trial date is **VACATED AND RESET AS TO ALL DEFENDANTS** for Tuesday, May 22, 2007 at 9:30 a.m. in Coeur d'Alene, Idaho.  Any and all period of delay from the filing of Defendant's motion to the rescheduled trial date is deemed excludable.  18 U.S.C. § 3161(h)(8)(B)(iv) and § 3161(h)(7).

3) Defendant's Motion for a Bill of Particulars (Dkt. No. 106) is **DENIED**.

DATED: **April 17, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 9